IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60779
Summary Calendar
_____

DOROTHY L. TOUCHBERRY,

Plaintiff-Appellant,

versus

COYOTE MISSISSIPPI MALL, LLC, Etc., ET AL.

Defendants,

COYOTE MISSISSIPPI MALL, LLC, ET AL. d/b/a Metrocenter Mall; NINA
HOLBROOK,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
(Jackson Division)
(3:00-cv-109)
--------------------
May 13, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Dorothy L. Touchberry appeals the grant of
summary judgment in favor of Defendants-Appellees Coyote
Mississippi Mall, LLC d/b/a Metrocenter Mall ("Coyote") and Nina
Holbrook, the general manager of Metrocenter Mall.[1]  Our de novo

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The district court had jurisdiction over the case, as do
we, pursuant to Title 28 U.S.C. § 1332.  The defendants removed
this case to federal court alleging that Holbrook, a Mississippi
resident, was fraudulently joined to defeat diversity
jurisdiction.  Touchberry did not contest removal or the federal
court's jurisdiction.

review of the district court's thorough opinion satisfies us that the court correctly concluded that Touchberry failed to create a genuine issue of material fact as to two essential elements of her negligence claim against Coyote and Holbrook, to wit: breach of a duty and proximate causation.[2]  For the reasons given by the district court, whose opinion we incorporate by reference, we affirm that court's grant of Appellees' motion for summary judgment dismissing Touchberry's action.

AFFIRMED.

---

[2] We have also considered and rejected Touchberry's argument on appeal, casting the destruction of the surveillance camera tape as spoliation of evidence, and insisting that she was entitled to a presumption that the evidence would have been unfavorable to Coyote's case.  We have previously stated that the adverse inference to be drawn from destruction of evidence is predicated on bad conduct of the defendant, Vick v. Texas Employment Commission, 514 F.2d 734, 737 (5th Cir. 1975), and have declined to employ the adverse presumption when "[t]here was indication ... that the records were destroyed under routine procedures without bad faith."  Id.  Touchberry offers no evidence to support her assertion that the surveillance tape was destroyed with fraudulent intent, rather than pursuant to the security company's standard procedure of erasing and recycling tapes that showed nothing noteworthy after they had been held for seven days.  We therefore refuse to apply the presumption in the instant case.  Accord Washington v. State, 478 So.2d 1028, 1032 (Miss. 1985) (explaining that the negative presumption does not arise "where the destruction was a matter of routine with no fraudulent intent").